# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

RICHARD JUNGMAN )
)
  Plaintiff, )
)
v. )  Case No. 3:11-0140
)  Judge Haynes/Bryant
CSX TRANSPORTATION, INC. )
)
Defendants. )

## INITIAL CASE MANAGEMENT ORDER

    The parties hereby subm it this proposed In itial Case Management Order pursuant to

Local Rule 11(d)(1)(b)(2).

### I.    Jurisdiction and Venue

    This is a case brought pursuant to the Federal Employer's Liability Act and jurisdiction of

this Court is invoked under the provision of Title 45 United States Code Section 56. Jurisdiction

and venue are not in dispute.

### II.    Parties' Theories of the Case

#### 1.  Plaintiff's Theory of the Case

    Plaintiff contends that the Defendant failed to provide him with a safe place to work which
caused him to suffer injuries to his knees and a shoulder that have been surgically repaired but
which limit his life and his ability to continue to work at the railroad in any employment in the
area where he abides.

#### 2.  Defendant's Theory of the Case

    CSXT asserts that it provid ed Plaintiff with a reasonably  safe place to work throughout

the entirety of his em ployment and did not negligntly cause him injury . Further, CSXT states

that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted as it is

barred by the applicable statute of limitations.

433685.1/2011174

III.     **Schedule Of Pretrial Proceedings**

####  A. <u>Rule 26(a) (1) Disclosure</u>

The parties shall m ake their Rule 26(a)(1)(A)  through (E) disclosures  within thirty (30) days from the date of the initial case management conference on or before **June 30, 2011.**

####  B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from  the date of the in itial case m anagement conference, counsel and clients are required to have a face-to-face m eeting to discuss whether th is case can be resolv ed without further discovery proceed ings.  If a p arty, other than a natural person, is invo lved in this litigation, a representative  who has the authority to settle sha ll attend this m eeting on behalf of that party.  After the m  eeting is conducted, counsel shal l prepare a report and   file it with the Court reflecting that the parties  met and that the parties m ade a  good faith effort to evaluate the resolution of this case.  This  report should also include whether  the parties believe d that one of the Alte rnative Dispute  Resolution ("ADR") pro cedures under the Local Rules w  ould further assist the parties in resolving this matter.

####  C. <u>Other Pretrial Discovery Matters</u>

This action is set for a jury trial on September  11   , 2012, at 9:00 a.m.

If this action is to     be settle    d, the Law Clerk shall be n        otified by   noon, September 7, 2012      .  If the settlem ent is reached therea fter resulting in th e non-utilization of jurors, the costs of summoning jurors m       ay  be taxed to the parties dependent upon the circumstances.

A pretrial conference shall   be held  August 27, 2012            at    3:00    pm  . A proposed pretrial order shall be submitted at the pretrial conference.

433685.1/2011174

All discovery shall be completed by the close of business on **January 31, 2012**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **January 15, 2012**. All discovery related motions shall be filed by the close of business on **February 15, 2012**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/ protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons those issues remain unresolved.

All dispositive motions[1] and _Daubert_ motions shall be filed by the close of business on **March 30, 2012**, and any response thereto shall be filed by the close of business on **April 30, 2012**. Any reply shall be filed by the close of business on **May 15, 2012**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 8(b)(7), Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court (effective March 1, 1994) shall govern.

By the close of business on **February 1, 2012**, Plaintiff shall declare to the Defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **March 1, 2012**, Defendant shall declare to Plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **March 20, 2012**. There shall not be any rebuttal expert witnesses.

In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound on his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

4

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule I 2(c)(6)(c) (effective March 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED.**

**ENTERED** this the _29th_ day of _April_, 2011.

John S. Bryant
United States Magistrate Judge